IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHIEFTAIN ROYALTY COMPANY,** ) | |
|   ) | |
|   **Plaintiff,** ) | |
|   ) | |
| v.   ) | Case No. 6:17-cv-00336-KEW |
|   ) | |
|   ) | *(Removed from District Court of* |
| **NEWFIELD EXPLORATION** ) | *Atoka County, State of Oklahoma,* |
| **MID-CONTINENT INC.,** ) | *Case No. CJ-17-45)* |
|   ) | |
|   **Defendant.** ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, CHIEFTAIN ROYALTY COMPANY, for itself and all others similarly situated, files this Second Amended Complaint and hereby alleges and states as follows in support of the claims asserted against Newfield Exploration Mid-Continent, Inc. ("Defendant"):

### SUMMARY OF THE ACTION

1. This class action suit concerns Defendant's willful and ongoing violations of Oklahoma law related to payment of statutory interest on late payments of oil and gas production proceeds ("O&G Proceeds") to persons with a legal interest in the mineral acreage under a well which entitles such person(s) (*i.e.*, the "Owner") to payments of O&G Proceeds.

2. Plaintiff is an Owner in one or more oil and/or gas wells in Oklahoma in which Defendant has incurred an obligation to pay O&G Proceeds (the "Oklahoma Wells"). Specifically, Plaintiff is an Owner in an Oklahoma Well, Rother 1H-5X, which is located at Sections 5 & 8 T14N-R8W, Canadian County, Oklahoma. Defendant is the operator of the Well and is obligated to pay O&G Proceeds to Plaintiff within the time periods prescribed by statute and failing the same, to additionally pay interest at the rate prescribed by statute.

3. The oil and gas industry has historically been rife with abuse by lessees and operators who routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners. Because of the lessee's or operator's control over the relationship, they are able to easily and successfully employ such schemes, to the detriment of Owners.

4. Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Defendant, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute ("Untimely Payments"). Okla. Stat. tit. 52 § 570.10(D); *see generally*, Okla. Stat. tit. 52 § 570, *et. seq.* (the "Production Revenue Standards Act" or the "Act"). Further, the Act states that "All proceeds from the sale of production shall be regarded as separate and distinct from all other funds of any person receiving or holding the same until such time as such proceeds are paid to the owners legally entitled thereto." *Id.* at § 570.10(A).

5. The Act gives Owners a uniform, absolute right to interest on Untimely Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the Act. The plain language of the Act imposes an obligation to include interest on Untimely Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

6. Defendant is well aware of its obligation to pay the required interest on Untimely Payments. Nevertheless, in violation of Oklahoma law, Defendant consistently ignores its obligation to pay interest on Untimely Payments made to Plaintiff. Indeed, on information and belief, Defendant routinely delays payment of production proceeds and denies Owners the interest

payments to which they are entitled as part of an overarching scheme to avoid its obligations under Oklahoma law.

7. Accordingly, Plaintiff files this class action lawsuit against Defendant to obtain relief on behalf of all similarly situated Owners who received or were entitled to receive any Untimely Payments for which Defendant did not include payment of interest as required by the Act.

8. Plaintiff files this class action lawsuit against Defendant for breach of its statutory obligation to pay interest and fraud. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendant.

## PARTIES

9. Plaintiff Chieftain Royalty Company is an Oklahoma corporation.

10. Plaintiff is an Owner in Oklahoma Wells and is entitled to payment of O&G Proceeds therefrom.

11. Defendant is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Houston, Texas. Defendant may be served with process through its registered agent for service: The Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

12. At all times relevant to the claims asserted herein, Defendant was/is a producing owner or operator of oil and/or gas wells in the State of Oklahoma. Defendant is obligated to pay O&G Proceeds to Plaintiff and the Owners in the putative class within the time periods prescribed by the Act and failing that, Defendant is required to pay interest at the rates prescribed by the Act.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction to hear these matters pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) this class action involves at least 100 members; (b) over $5 million is in controversy; and (c) minimal diversity is met because Defendant is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Houston, Texas, and Plaintiff Chieftain is not a citizen of either Delaware or Texas.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because this District embraces Atoka County where this matter was originally filed in State court.

**CLASS ACTION ALLEGATIONS**

15. The allegations set forth above are incorporated herein by reference.

16. Plaintiff brings this action as the representative of a Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). The Class is comprised of:

All non-excluded persons or entities:

(1) who received or, during the pendency of this action will receive, Untimely Payments from Defendant for O&G Proceeds from Oklahoma Wells and whose payments did not also include the statutory interest prescribed by the Act;

(2) whose O&G Proceeds have been, or during the pendency of this action will have been, paid over by Defendant to various state agencies as unclaimed or abandoned property without the payment of statutory interest prescribed by the Act; or

(3) who currently are, or become during the pendency of this action, Owners legally entitled to O&G Proceeds held by Defendant in Suspense Accounts (for reasons of unmarketable title, unknown address and/or other reasons), for more than the applicable time periods prescribed in the Act, without the payment by Defendant or earning/accruing of statutory interest prescribed by the Act for the benefit of such Owners.

The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America; (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty

(50) Oklahoma wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; (6) officers of the court, and (7) Owners in regard to whom Defendant is required by the PRSA to pay O&G Proceeds annually for the 12 months accumulation of Proceeds totaling less than $100.00, provided, however, this exclusion of so-called "minimum pay" Owners does not apply to interest claims for other 12 month periods accumulation of Proceeds when the same Owner was entitled to $100 or more and thus not in a "minimum pay" status.

17. Upon information and belief, absent Class members entitled to statutory interest under the Act owing on Defendant's Untimely Payments number in the thousands. Therefore, the Class is so numerous that joinder of all members is impracticable.

18. The questions of fact and law common to the Class, include:

   a. Whether Plaintiff and the Class own legal interests in the Oklahoma Wells upon which Defendant has an obligation to pay O&G Proceeds;

   b. Whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Class on any Untimely Payments, either received or not yet received;

   c. Whether Defendant had a duty to promptly investigate whether Plaintiff and the Class were owed interest and, if so, to properly pay the interest owed to the Plaintiff and the Class;

   d. Whether Defendant's failure to pay interest to Plaintiff and the Class on any Untimely Payments, either received or not yet received, constitutes a violation of the Act;

   e. Whether Defendant defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

   f. Whether Defendant is obligated to pay interest on future Untimely Payments, either received or not yet received.

19. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

20. Defendant treated Plaintiff and the Class in the same way by failing to pay the required interest on Untimely Payments.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

22. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Defendant relating to Defendant's failure to pay interest owing on the Untimely Payments of O&G Proceeds as required by law;

   c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

**GENERAL ALLEGATIONS AND FACTUAL BACKGROUND**

24. The allegations set forth above are incorporated herein by reference.

25. Defendant or its affiliates owns and/or operates or operated (and/or Defendant owns a working interest in) numerous oil and/or gas wells throughout Oklahoma. Defendant owes

payments of O&G Proceeds to Plaintiff and Class members as a result of the mineral production from such wells.

26. For decades, oil and gas producers or first purchasers would for various reasons delay or decline to distribute the proceeds from the first sale to interest owners and use those funds for their own purposes until they were ultimately distributed, if at all." 2015 OK AG 6 at ¶2 (Sept. 1, 2015) (*citing* Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 31 Okla. City U. L. Rev. 1, 4 (2006)). Holders of the production proceeds frequently and intentionally avoided making any reasonable efforts to locate interest owners or notify them of their interest. *See id.* Instead, they would "suspend" their royalty payments until demanded and, in the meanwhile, gain the benefit of the possession of those funds. *See id.* Moreover, even when they eventually made the royalty payments, the holders often would not pay interest. *See id.* "[T]here was a great incentive to delay royalty payments" and "many producers routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." *See id.* (*citing* Bondurant at 18). This not only deprived interest owners of the time-value of the money owed to them, it also gave rise to "an ever increasing case load of litigation between royalty owners and purchasers . . . precipitated by the use of suspense accounts." *Id.* (*citing Hull v. Sun Refining & Mktg. Co.*, 1989 OK 168, ¶ 9, 789 P.2d 1272, 1277).

27. As a result of this conduct, many states, including Oklahoma, enacted statutes to curtail this abuse. In Oklahoma, the Act requires Defendant to make payments within certain time periods. Further, the Act requires Defendant to pay interest on any Untimely Payments, regardless of the reasons why such payments were delayed. The Act gives Owners an absolute right to interest on Untimely Payments. The plain language of this statute imposes an obligation to include

interest on Untimely Payments. Compliance with this statute is not optional and does not require a prior written or oral demand by royalty owners.

28. Plaintiff and the Class are entitled to rely on the Defendant to act as a reasonably prudent operator and to diligently investigate their right to receive interest on Untimely Payments, and if its investigation concludes that interest is owed on late payments, to promptly pay the Plaintiff and the Class such interest.

29. Plaintiff and Class members are entitled to payment of O&G Proceeds from Defendant and, pursuant to the Act, are further entitled to interest from Defendant on any Untimely Payments, either received or not yet received.

30. Plaintiff and Class members placed their trust, confidence and reliance in Defendant to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Defendant had superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including interest, on Untimely Payments. The Plaintiff and the Class were unaware that Defendant had breached and continues to breach its duty to pay interest due under the Act.

31. When Defendant made Untimely Payments to Plaintiff and Class members, or held O&G Proceeds in suspense accounts for more than the interest free period allowed by law, Defendant failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Defendant's failure to pay the statutorily required interest on Untimely Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

32. Based upon information and belief, Plaintiff further alleges that Defendant does not make reasonable and consistent efforts to locate and pay O&G Proceeds to Owners. Instead, Defendant keeps the O&G Proceeds in suspense accounts or its general operating account and

untimely pays the O&G Proceeds to various states as abandoned/unclaimed property without also paying the statutory interest owed under the Act.

33. Defendant is not permitted to take advantage of its relationship with Plaintiff and Class members and realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendant has used its position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid its statutory obligation to pay the statutory interest due to Plaintiff and the Class in the event of Untimely Payments. As such, Defendant has improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

34. Upon information and belief, Defendant ignored its obligation under the Act to regard the O&G Proceeds it owed to Plaintiff and the Class as separate and distinct from Defendant's other cash assets. Rather, these proceeds were commingled with Defendant's other cash assets. As such, Defendant improperly, unfairly, and in violation of the law profited from its deliberate refusal to pay statutory interest to Plaintiff and the Class.

35. In short, Defendant blatantly ignored Oklahoma law regarding the payment of interest on Untimely Payments. Further, Defendant did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.* Plaintiff and the Class) and, instead, held the O&G Proceeds for its own benefit. Defendant has abused its position with Plaintiff and the Class.

36. Plaintiff and the Class have been damaged by Defendant's unlawful acts and omissions.

37. Defendant's wrongdoing—which is in clear violation of Oklahoma law—is ongoing and continues to this day.

38. To the extent Defendant relies on any statute of limitation as a defense, Plaintiff and the putative Class plead that, under the facts at issue here, the doctrines of equitable estoppel

or tolling, open account, the discovery rule and/or other defenses apply to toll the running of any statute of limitations.

## CAUSES OF ACTION

### I. BREACH OF STATUTORY DUTY TO PAY O&G PROCEEDS AND INTEREST

39. The allegations set forth above are incorporated herein by reference.

40. Plaintiff brings this cause of action on behalf of itself and the Class.

41. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendant for wells owned and/or operated by Defendant in Oklahoma, or in which Defendant otherwise held O&G Proceeds.

42. Section 570.10 of the Act requires Defendant to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto.

43. Section 570.10 of the Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act.

44. If the holder of any O&G Proceeds subject to the Act fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds at the statutory rate.

45. Defendant held O&G Proceeds belonging to Plaintiff and the Class and Defendant failed to timely pay O&G Proceeds owing to Plaintiff and the Class as provided by the Act.

46. In violation of the Act, when Defendant ultimately made its Untimely Payments to Plaintiff and the Class, or held O&G Proceeds in suspense accounts or paid O&G Proceeds to various states as abandoned/unclaimed property, Defendant did not pay the interest owing on the Untimely Payments.

47. Defendant's failure to pay interest owing on its Untimely Payments of O&G Proceeds was knowing and intentional and/or the result of Defendant's gross negligence.

48. Defendant's failure to pay interest owing on its Untimely Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

## II. BREACH OF DUTY TO INVESTIGATE AND PAY

49. The allegations set forth above are incorporated herein by reference.

50. Plaintiff brings this cause of action on behalf of itself and the Class.

51. Defendant has a duty to diligently investigate the identity and location of Owners and to timely pay O&G Proceeds and failing that, to pay statutory interest.

52. Defendant breached this duty when it failed to diligently investigate the rights of the Plaintiff and the Class to receive interest on Untimely Payments and pay such interest to the Plaintiff and the Class when owed.

53. Plaintiff and the Class have been damaged by Defendant's actions and violation of the law.

54. Defendant's failure to diligently investigate the rights of the Plaintiff and the Class to receive interest on Untimely Payments and pay such interest to the Plaintiff and the Class is a result of Defendant's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendant knows, or is aware, are legally entitled thereto.  Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example for others.

## III. FRAUD (ACTUAL AND CONSTRUCTIVE)

55. The allegations set forth above are incorporated herein by reference.

56. Plaintiff brings this cause of action on behalf of itself and the Class.

57. Defendant owned and/or operated (and/or Defendant owned a working interest in) numerous oil and/or gas wells throughout Oklahoma. Thus, Defendant knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

58. Defendant, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Defendant knew it owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendant intended to avoid its obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest. Owners have no knowledge that Defendant has held their O&G Proceeds in suspense with no intention of paying statutory interest. Owners have no knowledge that Defendant has paid over to various states their O&G Proceeds with no payment of statutory interest earned pursuant to the Act.

59. The Act gives Owners a right to be accurately informed of the facts and Defendant has a duty to accurately inform Owners of the facts on which their royalty payments are based.

60. On its check stubs, Defendant failed to inform Owners that they were entitled to statutory interest. Further, Defendant failed to inform Owners on their check stubs whether statutory interest was included in the checks, the amount of such interest, or the rate by which it was calculated.

61. Defendant maintains all of the information necessary to determine when an Owner is entitled to interest and the proper amount under the Act. As such, Defendant knowingly and intentionally deprives Owners of money to which Defendant knows they are legally entitled.

62. Plaintiff and the Class relied on and trusted Defendant to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

63. Defendant never informed Owners of its general practice and/or policy to withhold payments of statutory interest until it receives a written request from an Owner.

64. The checks and check stubs Defendant sent to Plaintiff and the Class are the common means by which Defendant communicates misinformation to Plaintiff and the Class.

65. Defendant's failure to include statutory interest in the amount of royalty proceeds paid to Plaintiff and the Class constitutes an omission of material fact.

66. Plaintiff and the Class acted in reliance on Defendant's failure to disclose and pay statutory interest owed to them by not disputing Defendant's calculations of the amount paid to them.

67. Defendant could have easily included information on unpaid statutory interest when it sent checks to Owners. Defendant intentionally chose not to disclose the fact that it was not paying Owners the statutory interest it owed on Untimely Payments, and Defendant obtained the result it intended, namely, ensuring Owners' lack of knowledge.

68. Plaintiff and the Class have been damaged by Defendant's actions and violations of law.

69. Defendant's failure to pay the interest it owes to Plaintiff and the Class is a result of Defendant's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendant knows, or is aware, are legally entitled thereto.  Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example for others.

### IV. ACCOUNTING AND DISGORGEMENT

70. The allegations set forth above are incorporated herein by reference.

71. Plaintiff requests an accounting on behalf of itself and the Class.

72. Plaintiff requests the Court enter an order directing Defendant to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendant, and (b) the method for calculating such amounts.

73. Defendant's payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the wrongs and violations committed by Defendant because it will not deprive Defendant of the ill-gotten gains it has obtained through its unlawful behavior.

74. The principles of equity and good conscience do not permit Defendant to retain the benefits derived from its improper and unlawful use of interest owed on Untimely Payments made to Plaintiff and the Class.

75. Therefore, Plaintiff requests the Court enter an order directing Defendant to disgorge itself of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' interest payments, including interest that has accrued on such interest since the time in which Defendant made the disputed payments to Plaintiff and the Class.

### V. INJUNCTIVE RELIEF

76. The allegations set forth above are incorporated herein by reference.

77. Plaintiff seeks injunctive relief on behalf of itself and the Class.

78. Unless enjoined by this Court, Defendant will continue its pattern and practice of failing to pay interest owed on Untimely Payments to Plaintiff and the Class members.

79. Defendant has utilized its superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to interest on Untimely Payments to engage in a fraudulent scheme with regard to its willful and intentional failure to pay such interest. As such, Defendant's wrongdoing is ongoing, and injuries in the future by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid interest.

80. There is no adequate and complete remedy at law for continuing violations of the Act by Defendant.

81. Plaintiff requests the Court enter a permanent injunction, ordering Defendant to pay interest as required by law when Defendant makes future Untimely Payments to Plaintiff and the Class.

82. Defendant will not suffer any harm as a result of granting the Class members' request for injunctive relief because Defendant's compliance with the Court's order will be consistent with Defendant's legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches and/or unlawful conduct including, without limitation, the compounded interest on Untimely Payments as required by law;

3. An order requiring Defendant to provide Plaintiff and the Class with an accounting;

4. An order requiring Defendant to disgorge itself of the ill-gotten gains it has obtained through the unlawful use of interest owed to Plaintiff and the Class;

5. An order requiring Defendant to pay interest in the future, as required by law, to Plaintiff and the Class;

6. An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this Second Amended Complaint;

7. An order requiring Defendant to pay the Class attorneys' fees and litigation costs as provided by statute; and

8. Such costs and other relief as this Court deems appropriate.

ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED

DATED: July 30, 2018

*s/Patrick M. Ryan*
Patrick M. Ryan, OBA#7864
Phillip G. Whaley, OBA#13371
Jason A. Ryan, OBA # 18824
Paula M. Jantzen, OBA#20464
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:  405-239-6040
Facsimile:  405-239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway, Ste 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Robert N. Barnes, OBA No. 537
Patranell Lewis, OBA No. 12279
Emily Nash Kitch, OBA No. 22244
**BARNES & LEWIS, LLP**
208 NW 60th ST
Oklahoma City, OK  73118
Telephone: (405) 843-0363
Facsimile: (405) 832-1007
rbarnes@barneslewis.com
plewis@barneslewis.com
ekitch@barneslewis.com

Lawrence R. Murphy, Jr., OBA No. 17681
**LAWRENCE R. MURPHY, JR., P.C.**
624 South Boston, Floor 8
Tulsa, OK  74119
Larrymurphy999@gmail.com

*Attorneys for Plaintiff,*
*Chieftain Royalty Company*

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mark D. Christiansen - mark.christiansen@mcafeetaft.com

*s/Patrick M. Ryan*
Patrick M. Ryan