UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NEWFIELD EXPLORATION<br>MID-CONTINENT INC.,<br><br>Defendant. | Case No. 6:17-CV-00336-KEW |

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

The Defendant, Newfield Exploration Mid-Continent Inc. ("Newfield"), and for its answer to the Plaintiff's Second Amended Complaint (Dkt. #32) (the "Complaint") herein, allege and state as follows:

1. Newfield denies the allegations in paragraph 1 of the Complaint.

2. Newfield is without knowledge or information sufficient to form a belief as to the current truth of the allegations in paragraph 2 of the Complaint as to the Plaintiff. Newfield admits that it is an owner in oil and gas wells in Oklahoma and has served as the operator of certain Oklahoma wells and has distributed certain royalty payments with respect to production from certain wells. Newfield otherwise denies the allegations and implications in paragraph 2 of the Complaint.

3. Newfield denies the allegations in paragraph 3 of the Complaint.

4. In response to the allegations in paragraph 4 of the Complaint, Newfield denies that the Plaintiff's allegations completely and accurately describe Oklahoma's Production Revenue Standards Act, so the allegations in paragraph 4 are denied.

5. In response to the allegations in paragraph 5 of the Complaint, Newfield denies that the Plaintiff's allegations completely and accurately describe Oklahoma's Production Revenue Standards Act, so the allegations in paragraph 5 are denied.

6. Newfield denies the allegations in paragraph 6 of the Complaint.

7. Newfield denies the allegations in paragraph 7 of the Complaint.

8. Newfield denies the allegations in paragraph 8 of the Complaint. This case has not yet been certified as a class action and the requirements imposed under Federal Rule 23 will preclude this suit from being certified as a class action.

9. Newfield is without knowledge or information sufficient to form a belief as to the current truth of the allegations in paragraph 9 of the Complaint so those allegations are deemed denied.

10. Newfield is without knowledge or information sufficient to form a belief as to the current truth of the allegations in paragraph 10 of the Complaint so those allegations are deemed denied.

11. In response to the allegations in paragraph 11 of the Complaint, Newfield admits that it is a foreign corporation with its principal place of business being in The Woodlands, Texas. Newfield does not contest service of process on it in this action.

12. In response to the allegations in paragraph 12 of the Complaint, and as indicated in the above responses of this Answer, Newfield admits that it has owned certain working interest rights in certain Oklahoma wells, and that it has served as the operator of certain Oklahoma wells. Newfield otherwise denies the allegations in paragraph 12 of the Complaint.

13. In response to the allegations in paragraph 13 of the Complaint, Newfield admits that this Court has jurisdiction over this case under the Class Action Fairness Act.

14. In response to the allegations in paragraph 14 of the Complaint, Newfield does not contest that this Court is a proper federal venue for this action.

15. In response to the allegations that are incorporated by reference in paragraph 15 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

16. Newfield denies the allegations in paragraph 16 of the Complaint and specifically denies that the Plaintiff has described a proper class that could ever be certified under the standards applied to class actions in the federal court.

17. In response to the allegations set forth in paragraph 17, Newfield admits that, under the Plaintiff's theory of the case, the number of class members would meet the numerosity requirement of Federal Rule 23. Indeed, the propose class—under Plaintiff's theory of the law, facts and the case—would include so many claimants with individual and varying factual and legal circumstances that this case could not possibly be certified as a class action.

18. Newfield denies the allegations in paragraph 18 of the Complaint.

19. Newfield denies the allegations in paragraph 19 of the Complaint.

20. Newfield denies the allegations in paragraph 20 of the Complaint.

21. Newfield denies the allegations in paragraph 21 of the Complaint.

22. Newfield denies the allegations in paragraph 22 of the Complaint.

23. Newfield denies the allegations in paragraph 23 of the Complaint.

24. In response to the allegations that are incorporated by reference in paragraph 24 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

25. In response to the allegations in paragraph 25 of the Complaint, Newfield admits that it has owned certain working interests in certain Oklahoma oil and gas wells, and that it has

operated certain Oklahoma oil and gas wells. Newfield otherwise denies the allegations in paragraph 25 of the Complaint.

26. Newfield denies the allegations in paragraph 26 of the Complaint.

27. Newfield denies the allegations in paragraph 27 of the Complaint.

28. Newfield denies the allegations in paragraph 28 of the Complaint.

29. Newfield denies the allegations in paragraph 29 of the Complaint.

30. Newfield denies the allegations in paragraph 30 of the Complaint.

31. Newfield denies the allegations in paragraph 31 of the Complaint.

32. Newfield denies the allegations in paragraph 32 of the Complaint.

33. Newfield denies the allegations in paragraph 33 of the Complaint.

34. Newfield denies the allegations in paragraph 34 of the Complaint.

35. Newfield denies the allegations in paragraph 35 of the Complaint.

36. Newfield denies the allegations in paragraph 36 of the Complaint.

37. Newfield denies the allegations in paragraph 37 of the Complaint.

38. Newfield denies the allegations in paragraph 38 of the Complaint.

39. In response to the allegations that are incorporated by reference in paragraph 39 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

40. Newfield denies the allegations in paragraph 40 of the Complaint. This case has not been certified as a class action, and the requirements of Federal Rule 23 are such that this case cannot be properly certified as a class action.

41. Newfield denies the allegations in paragraph 41 of the Complaint.

42. The allegations in paragraph 42 of the Complaint do not accurately and completely describe the provisions of Oklahoma's Production Revenue Standards Act so those allegations are deemed denied.

43. The allegations in paragraph 43 of the Complaint do not accurately and completely describe the provisions of Oklahoma's Production Revenue Standards Act so those allegations are deemed denied.

44. The allegations in paragraph 44 of the Complaint do not accurately and completely describe the provisions of Oklahoma's Production Revenue Standards Act so those allegations are deemed denied.

45. Newfield denies the allegations in paragraph 45 of the Complaint.

46. Newfield denies the allegations in paragraph 46 of the Complaint.

47. Newfield denies the allegations in paragraph 47 of the Complaint.

48. Newfield denies the allegations in paragraph 48 of the Complaint.

49. In response to the allegations that are incorporated by reference in paragraph 49 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

50. Newfield denies the allegations in paragraph 50 of the Complaint.

51. Newfield denies the allegations in paragraph 51 of the Complaint.

52. Newfield denies the allegations in paragraph 52 of the Complaint.

53. Newfield denies the allegations in paragraph 53 of the Complaint.

54. Newfield denies the allegations in paragraph 54 of the Complaint.

55. In response to the allegations that are incorporated by reference in paragraph 55 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

56. Newfield denies the allegations in paragraph 56 of the Complaint. This case has not been certified as a class action, and the requirements of Federal Rule 23 are such that this case cannot be properly certified as a class action.

57. Newfield denies the allegations in paragraph 57 of the Complaint.

58. Newfield denies the allegations in paragraph 58 of the Complaint.

59. Newfield denies the allegations in paragraph 59 of the Complaint.

60. Newfield denies the allegations in paragraph 60 of the Complaint.

61. Newfield denies the allegations in paragraph 61 of the Complaint.

62. Newfield denies the allegations in paragraph 62 of the Complaint.

63. Newfield denies the allegations in paragraph 63 of the Complaint.

64. Newfield denies the allegations in paragraph 64 of the Complaint.

65. Newfield denies the allegations in paragraph 65 of the Complaint.

66. Newfield denies the allegations in paragraph 66 of the Complaint.

67. Newfield denies the allegations in paragraph 67 of the Complaint.

68. Newfield denies the allegations in paragraph 68 of the Complaint.

69. Newfield denies the allegations in paragraph 69 of the Complaint.

70. In response to the allegations that are incorporated by reference in paragraph 70 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

71. In response to the allegations in paragraph 71 of the Complaint, Newfield denies that Plaintiff is entitled to the relief it seeks in this action.

72. In response to the allegations in paragraph 72 of the Complaint, Newfield denies that Plaintiff is entitled to the relief it seeks in this action.

73. Newfield denies the allegations in paragraph 73 of the Complaint.

74. Newfield denies the allegations in paragraph 74 of the Complaint.

75. In response to the allegations in paragraph 75 of the Complaint, Newfield denies that Plaintiff is entitled to the relief it seeks in this action.

76. In response to the allegations that are incorporated by reference in paragraph 76 of the Complaint, Newfield adopts and re-alleges the preceding allegations of this Answer.

77. In response to the allegations in paragraph 77 of the Complaint, Newfield denies that Plaintiff is entitled to the relief it seeks in this action.

78. Newfield denies the allegations in paragraph 78 of the Complaint.

79. Newfield denies the allegations in paragraph 79 of the Complaint.

80. Newfield denies the allegations in paragraph 80 of the Complaint.

81. In response to the allegations in paragraph 81 of the Complaint, Newfield denies that Plaintiff is entitled to the relief it seeks in this action.

82. Newfield denies the allegations in paragraph 82 of the Complaint.

83. Newfield denies the allegations in the Complaint to the extent they are not expressly admitted above.

## ADDITIONAL DEFENSES
## (INCLUDING CERTAIN AFFIRMATIVE DEFENSES)

1. Plaintiff has failed, in whole and/or in part, to state claims upon which relief can be granted.

2. The claims of the Plaintiff are barred in part by Oklahoma's Energy Litigation Reform Act.

3. The claims in this case are barred by prior settlement(s) and release(s).

4. The claims in this case are barred, in whole or in part, under the doctrines of waiver, estoppel, acquiescence, course of performance and/or ratification.

5. The claims in this case are barred, in whole or in part, by the applicable statute of limitations, contractual limitations periods and/or by the doctrine of laches.

6. The claims in this case are barred, in whole or in part, by the doctrine of payment and by the legal consequences that follow from an owner accepting payment of the principal sum owed without interest having been included in the payment.

7. The claims in this case are barred, in whole or in part, by the doctrines of settlement, release and/or accord and satisfaction.

8. The claims in this case are barred, in whole or in part, by the express terms of the written oil and gas leases, division orders, agreements, transfer orders, unit agreements, regulatory or agency orders (*e.g.*, compulsory pooling orders of the Oklahoma Corporation Commission) and/or communitization agreements applicable to the properties at issue in this lawsuit.

9. The claims in this case are barred, in whole or in part, by the doctrine of performance.

10. The claims in this case are barred, in whole or in part, by the doctrines of course of dealing, trade usage and/or custom and/or usage in the industry.

11. The claims in this case are barred in whole or in part by the omission of claimants to meet the pre-conditions and/or other required elements, conduct or other circumstances required in order for them to assert the claims alleged in this suit.

12. To the extent any claims are asserted under compulsory pooling orders of the Oklahoma Corporation Commission rather than under oil and gas leases, such claims are barred by virtue of the different nature and scope of the rights derived under Corporation Commission pooling orders.

13. At all times, Newfield has acted in good faith and in accordance with the applicable law in effect at the time.

14. Requiring Newfield to account under the theories of payment liability alleged by Plaintiff would be inequitable, would constitute an unconstitutional and illegal taking of Newfield's property, and would constitute an excessive and unconstitutional penalty against Newfield.

15. To the extent Plaintiff seeks to recover interest under 52 O.S. § 570.10 (formerly codified as 52 O.S. § 540) based on any alleged breach of a lease entered into prior to the effective date of the statute, application of the statute to such pre-existing leases would impair Newfield's then-existing contractual rights in violation of the United States Constitution and the Oklahoma Constitution.

16. Insofar as Plaintiff seeks to recover interest under 52 O.S. § 570.10 (formerly codified as 52 O.S. § 540), that statute violates Article 5, Sections 46 and 59 of the Oklahoma Constitution. Such statute also impermissibly deprives Newfield of equal protection and due process of the laws in violation of both the Oklahoma and United States Constitutions.

17. The claims asserted in this case are subject to reduction to the extent of the claimant's failure to mitigate any alleged damages.

18. Plaintiff's claims are barred to the extent of his failure and/or the failure of proposed class members to have and/or show marketable title.

19. Plaintiff's claims are barred to the extent of his failure and/or the failure of proposed class members to provide Newfield with notice of assignments of interests as required in order for them to begin to receive payments.

20. Plaintiff's claims are barred to the extent of their refusal to accept royalty and/or overriding royalty payments that were tendered.

21. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and impossibility of performance.

22. The claims in this case are barred (and to the extent of):

    (a). due to questions and/or doubts as to the quality of ownership and title possessed by proposed class members and/or due to their failure to establish the quality of title required in the applicable jurisdiction;

    (b). due to the inability to locate with reasonable efforts proposed class members;

    (c). due to express provisions in the statutes relied upon by Plaintiff that exclude from the rights and provisions of those statutes the factual circumstances applicable to proposed class members; and/or

    (d). due to the express provisions in the statutes relied upon by Plaintiff that recognize the conduct of Newfield as being permissible and proper under such statutes.

23. Newfield is not liable for non-payments or delayed payments that are the responsibility of third parties.

24. The Complaint fails to meet the pleading requirements of Federal Rule 9(b) for a fraud claim. The Complaint fails to plead fraud with sufficient particularity.

25. The Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel and/or claim splitting

26. Newfield conducted its activities at all times in accordance with the oil and gas leases and other applicable agreements, applicable laws, industry standards, practices, customs and usage.

27. Plaintiff's proposed class fails to meet the requirements of Federal Rule 23.

28. Plaintiff is not entitled to the remedy of disgorgement.

29. Plaintiff cannot satisfy the requirements for injunctive relief.

30. Plaintiff is not entitled to an accounting and has not alleged the prerequisites that are needed to be entitled to the remedy of an accounting.

31. Plaintiff has proposed a non-certifiable and improper fail-safe class definition. The members of the class are not reasonable ascertainable.

32. Plaintiff is asserting claims under an Oklahoma Statute with the result that Plaintiff is not entitled to exemplary or punitive damages.

33. The imposition of exemplary or punitive damages in this case would violate Newfield's due process rights secured by the United States Constitution, the Oklahoma Constitution and the constitutions of other States whose interests are implicated by Plaintiff's allegations.

34. The punitive damages sought by Plaintiff are limited by constitutional due process, which requires that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that can be imposed.

35. Newfield affirmatively pleads that any award of punitive or exemplary damages violates the Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to the due process clause of the Oklahoma Constitution, because:

    (a). Newfield is without effective and adequate procedural protections against arbitrary or erroneous awards of such damages;

    (b). Newfield is being denied the requirement of adequate notice of the type of conduct or elements of the offense that could warrant such an award or the amount of such damages that could be awarded;

    (c). such an award does not bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

(d). such an award would impermissibly discriminate against corporate defendants, including Newfield, that are organized under the laws of other states and that maintain their principal places of business in other states;

(e). evidence of Newfield's net worth would invite the jury to award an arbitrary amount of punitive damages based on Newfield's status as an industrial enterprise; and

(f). Newfield's conduct that is alleged to warrant punitive or exemplary damages is unrelated to Plaintiff's harm and, therefore, such damages are unlawfully intended to punish and deter Newfield.

36. Newfield affirmatively pleads that Plaintiff's claim for punitive damages is barred by the Due Process Clause and the Commerce Clause of the United States Constitution and by principles of federalism embodied in the United States Constitution, to the extent that any claim is based on conduct by Newfield that occurred outside the State of Oklahoma.

37. Plaintiffs claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to each of the five reprehensibility factors set out in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 419 (2003). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436 (2001).

38. Plaintiffs claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the constitutional factors that govern the permissible ratio of punitive damages to compensatory

damages. *Campbell*, 538 U.S. at 425. Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Leatherman*, 532 U.S. at 436.

39. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the comparable civil fine that could be imposed on Newfield for the conduct in question. *Campbell*, 538 U.S. at 428 (holding that civil fines are more appropriate benchmarks for punitive damages than criminal penalties); *BMW of N Am., Inc. v. Gore*, 517 U.S. 559, 583 (1996) (holding that courts "should accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.") (O'Connor, J., concurring in part and dissenting in part) (quoting *Browning-Ferris Industries of Vt., Inc. v. Kelso Disposal, Inc.*, 492 U.S. 257, 301, 109 S. Ct. 2909, 2934 (1989)); *Clark v. Chrysler Corp.*, 436 F. 3d 594, 607 (6th Cir. 2006) (rejecting potential for punitive damages award as a basis for comparison in favor of potential civil penalties under applicable federal statute). Such specific jury instructions and specific findings of fact on the comparable civil penalties are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Leatherman*, 532 U.S. at 436.

40. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the direct

relationship between Newfield's conduct and the specific injury suffered by Plaintiff. *Phillip Morris USA v. Williams*, 549 U.S. 346, 355, 127 S. Ct. 1057, 1064 (2007) (holding that "the Due Process Clause requires States to provide assurance that juries are not asking the wrong question, i.e., seeking, not simply to determine reprehensibility, but also to punish for harm caused strangers"); *Campbell*, 538 U.S. at 423 (holding that "[D]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under guise of the reprehensibility analysis."). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Leatherman*, 532 U.S. at 436, to ensure that the award is based solely on the conduct that caused specific injury to the plaintiffs.

41.     Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing. punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the exclusion of all items of compensatory damage from the quantum of punitive damages. *Campbell*, 538 U.S. at 426 (noting that "[t]he compensatory damages for the injury suffered here . . . likely were based on a component that was duplicated in the punitive award"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review required by *Leatherman*, 532 U.S. at 424, to ensure that items of compensatory damages are not impermissibly "double-counted" in the quantum of punitive damages.

42. Newfield reserves the right to plead additional defenses that may become known during the course of discovery and fact development and other work, and as the claims being asserted in this case are clarified.

**WHEREFORE**, Newfield prays that the Plaintiff and proposed class take and recover nothing by virtue of their Complaint herein, that the Plaintiff's Complaint be dismissed and that Newfield be awarded it attorneys' fees, costs and other litigation expenses to the extent the same are properly recoverable in this type of action.

| | |
|---|---|
| August 13, 2018 | Respectfully submitted, |
| | */s/ Mark D. Christiansen* |
| Mark D. Christiansen (OBA #1675)<br>**MCAFEE & TAFT**<br>**A PROFESSIONAL CORPORATION**<br>10th Floor, Two Leadership Square<br>211 N. Robinson Ave.<br>Oklahoma City, OK 73102-7103<br>Telephone: (405) 235-9621<br>Fax: (405) 235-0439<br>mark.christiansen@mcafeetaft.com | Collin J. Cox *(pro hac vice procedures pending)*<br>Texas Bar No. 24031977<br>Robert K. Ellis *(pro hac vice procedures pending)*<br>Texas Bar No. 24076367<br>Robert D. Woods *(pro hac vice procedures pending)*<br>Texas Bar No. 24093389<br>ccox@yettercoleman.com<br>rellis@yettercoleman.com<br>rwoods@yettercoleman.com<br><br>**YETTER COLEMAN LLP**<br>811 Main Street, Suite 4100<br>Houston, Texas 77002<br>(713) 632-8000<br><br>**Attorneys for Newfield Exploration Midcontinent Inc.** |

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 13, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing based on the records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to counsel for the parties who are all registrants.

| | |
|---|---|
| Michael Burrage<br>WHITTEN BURRAGE<br>512 N. Broadway, Suite 300<br>Oklahoma City, OK 73102<br>mburrage@whittenburragelaw.com | Lawrence R. Murphy, Jr.<br>Mariann M. Robison<br>RICHARDS & CONNOR<br>ParkCentre Building, 12th Floor<br>525 South Main Street<br>Tulsa, OK 74103-4509<br>lmurphy@richardsconnor.com<br>mrobison@richardsconnor.com |
| Robert N. Barnes<br>Patranell Lewis<br>Emily Nash Kitch<br>BARNES & LEWIS LLP<br>280 NW 60th Street<br>Oklahoma City, OK 73118 | Patrick M. Ryan<br>Philip G. Whaley<br>Jason A. Ryan<br>Paula M. Jantzen<br>RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC<br>pryan@ryanwhaley.com<br>jryan@ryanwhaley.com<br>pjantzen@ryanwhaley.com |

**ATTORNEYS FOR PLAINTIFF**

               /s/ *Mark D. Christiansen*
               Mark D. Christiansen